Craig G. Cote, Esq. (State Bar No. 132885)
**MANNING LAW, APC**
26100 Towne Centre Drive
Foothill Ranch, CA 92610
Office: (949) 200-8755
DisabilityRights@manninglawoffice.com
Attorney for Plaintiff: LUIS MARQUEZ

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS MARQUEZ, an individual,<br>Plaintiff,<br>v.<br>CARSON WILD WINGS, LLC, a California limited liability company; J&J CARSON, LLC, a Delaware limited liability company; and DOES 1-10, inclusive,<br>Defendants. | Case No. 2:25-cv-03521-JLS-PVC<br>Verified First Amended Complaint For Injunctive Relief and Damages For:<br>1. Violations of the Unruh Civil Rights Act [Cal. Civil Code § 51 *et seq*]<br>ACTION SUBJECT TO THE SUPPLEMENTAL FEE IN GOV'T. CODE § 70616.5 |

Plaintiff, LUIS MARQUEZ ("Plaintiff"), hereby complains of Defendants CARSON WILD WINGS, LLC, a California limited liability company; J&J CARSON, LLC, a Delaware limited liability company; and Does 1-10 ("Defendants") and alleges the following on information and belief based upon investigation and

advice of counsel, except as to Plaintiff's own acts, which are hereby alleged upon personal knowledge as follows:

## PARTIES

1. Plaintiff is an adult California resident.

2. Plaintiff is a paraplegic who cannot walk.

3. Plaintiff is substantially limited in performing one or more major life activities, including but not limited to walking, standing, and ambulating.

4. As a result of these disabilities, Plaintiff requires a wheelchair for mobility.

5. Plaintiff is informed and believes and thereon alleges that Defendants J&J CARSON, LLC, a Delaware limited liability company, and DOES 1-3, owned the property located at 736 Del Amo Blvd, Carson, CA 90746 ("Property") on May 13, 2023 (the "Date of Visit") upon which Buffalo Wings ("Business") is located.

6. Plaintiff is informed and believes and thereon alleges that Defendants J&J CARSON, LLC, a Delaware limited liability company, and DOES 1-3, currently own the Property.

7. Plaintiff is informed and believes and thereon alleges that Defendants CARSON WILD WINGS, LLC, a California limited liability company, and DOES 4-6, owned, operated, and controlled the Business located at the Property on Date of Visit.

8. Plaintiff is informed and believes and thereon alleges that Defendants CARSON WILD WINGS, LLC, a California limited liability company, and DOES 4-6, currently own, operate, and control the Business located at the Property.

9. The Business is a facility open to the public, a place of public accommodation, and a business establishment.

10. Plaintiff does not know the true name of DOE Defendants, that may be related to the Business and/or Property. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in

some capacity for the events herein alleged. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

## JURISDICTION AND VENUE

11. Defendants conducted and continue to conduct substantial business in the State of California, County of Los Angeles, and Defendants' offending Business & Property are located Los Angeles County.

12. Defendants conduct substantial business in this County.

13. A substantial portion of the conduct complained of herein occurred in this County.

## PROCEDURAL BACKGROUND

14. Plaintiff is a high-frequency litigant. During the 12 months prior to the filing of this Complaint, Plaintiff has filed over 10 complaints alleging a construction related accessibility claim.

15. Plaintiff has standing to sue Defendant(s) in the Superior Court of California insofar as Plaintiff "has been the victim of the defendant's discriminatory act." *Angelucci v. Century Supper Club* (2007) 41 Cal.4th 160, 175.

16. Disability discrimination is indistinguishable in many ways from race and sex discrimination in that it can attack the individual's sense of self-worth in much the same fashion as race or sex discrimination. *City of Moorpark v. Superior Court* (1998) 18 Cal.4th 1143.

17. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation are offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. 42 U.S.C. § 12182(a). Discrimination is defined there as follows:

18. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services,

facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

19. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers may be defined by failure to comply with the ADA Standards.

20. Where such barrier removal is not readily achievable, the failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative readily achievable, methods. 42 U.S.C. § 12182(b)(2)(A)(v).

21. A failure to design and construct facilities for first occupancy later than January 26, 1993, that are readily accessible to and usable by individuals with disabilities, except where an entity can demonstrate that it is structurally impracticable to meet the requirements. 42 U.S.C. § 12183(a)(1).

22. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

23. California Civil Code § 51(f) provides that a violation of the right of any individual under the ADA shall also constitute a violation of the UCRA.

## FACTUAL ALLEGATIONS

24. Plaintiff personally visited the Business on or about Date of Visit.

25. Plaintiff purchased items sold at the Business on the Date of Visit.

26. Plaintiff obtained a receipt from the Business on the Date of Visit.

27. On the Date of Visit, Plaintiff also evaluated the Business and the Property for compliance with the UCRA.

28. Unfortunately, although facilities, privileges, goods, and services are provided at the Business and the Property for customer use, the conditions present at the Business and Property on the Date of Visit failed to comply with the applicable ADA Standards for Accessible Design.

29. On the Date of Visit, instead of having architectural barrier free facilities for patrons with disabilities, the subject property contained violations as follows:

30. A lack of accessible directional signage provided (Section 216.6).

31. Floor mats that are not properly secured in place (Section 302.2).

32. A restroom trash can that does not provide adequate clear floor space (Section 603.2.1).

33. A transaction counter that measures in excess of the maximum height allowed (Section 904.4.1).

34. A toilet seat that measures in excess of the maximum height allowed (Section 604.4).

35. A toilet that has its centerline positioned too far from the wall (Section 604.2).

36. A coat hook hanger that is positioned too high (Section 603.4).

37. A soap dispenser that is positioned outside of the required reach ranges (Section 308.2.1; 308.2.2).

38. Due to architectural barriers in violation of one or more of the ADA standards for accessible design, the interior conditions of the Business at the Property violate the UCRA, are inaccessible, and denied Plaintiff's right and entitlement to full and equal access.

39. Because Defendants J&J CARSON, LLC, a Delaware limited liability company, and DOES 1-3, own, operate and/or lease the Property, they are responsible for the violations of the UCRA that exist at the Property and/or the Business.

40. Because Defendants CARSON WILD WINGS, LLC, a California limited liability company, and DOES 4-6, own, operate and/or lease the Business, they are responsible for the violations of the UCRA that exist at the Business and/or the Property.

41. Subject to the reservation of rights to assert further violations of law after a site inspection found infra, Plaintiff asserts there are additional violations which

affect him personally at the Business and/or the Property.

42. Plaintiff is informed and believes and thereon alleges Defendants has had no policy or plan in place to make sure that the Business and/or the Property complied with ADA requirements prior to the Date of Visit.

43. Plaintiff personally encountered violations at the Business and/or upon the Property and/or has been made aware of them by virtue of the investigation of counsel.

44. The presence of the violations relates to Plaintiff's disability, denied and continue to deny Plaintiff the right to enjoy accessible conditions at Defendants' public place of accommodation, denied Plaintiff full and equal access, and therefore invades legally cognizable interests protected by the UCRA.

45. The conditions identified *supra* are necessarily related to Plaintiff's legally recognized disability in that Plaintiff is substantially limited in the major life activities of walking, standing, and ambulating; Plaintiff is the holder of a disabled parking placard; and because the enumerated conditions relate to the use of the accessible parking, relate to the slope and condition of the accessible parking and accessible path to the accessible entrance, relate to the use and condition of the accessible facilities within the Business, and relate to the use of the accessible restroom.

46. As an individual with a mobility disability who relies upon a wheelchair, Plaintiff has a keen interest in whether public accommodations have architectural barriers that impede full accessibility to those accommodations by individuals with mobility impairments.

47. Plaintiff and other members of the disabled community are ongoingly being subjected to the ADA violations alleged herein by Plaintiff.

48. The Defendants, and each of them, continue to maintain the inaccessible conditions and engage in the discriminatory conduct alleged herein such that Plaintiff is entitled to the requested relief under California law.

49. Plaintiff is being deterred from patronizing the accommodations provided for public use at the Business and/or the Property due to Plaintiff's knowledge of the ongoing existence of discriminatory violations thereat.

50. As a result of the inaccessible conditions of the Business and/or the Property, Plaintiff has been denied full and equal access to the Business and/or the Property on one or more particular occasions.

51. Remediation by Defendants of the violations alleged herein to bring them into compliance with ADA requirements is easily accomplishable without undue burden or expense and is therefore readily achievable to remove.

52. To the extent full compliance with ADA requirements at the Business and/or the Property is not readily achievable, there are numerous alternative accommodations that could be made to provide a greater level of access that have not been affected by the Defendants.

53. Given the obvious and blatant violations alleged herein, Plaintiff alleges that it is likely there are other violations at the Business and/or the Property that relate to Plaintiff's disability.

54. Plaintiff will amend this complaint to further describe the full scope of the violations at issue in this case once a site inspection is completed.

55. Whether or not alleged in this version of Plaintiff's complaint, Defendants are hereby on notice that Plaintiff seeks and will seek to have all violations related to Plaintiff's disability remedied and brought into compliance with ADA requirements.

56. Without injunctive relief, Plaintiff and other members of the disabled public are being and will continue to be denied full and equal access to the Business and the Property in violation of the ADA.

**FIRST CAUSE OF ACTION**

**VIOLATIONS OF THE UCRA**

**CALIFORNIA CIVIL CODE §§ 51 - 53**

57. Plaintiff re-alleges and incorporates by reference all paragraphs alleged above and each and every other paragraph in this Complaint necessary or helpful to state this cause of action as though fully set forth herein.

58. California Civil Code § 51 *et seq*. guarantees equal access for people with disabilities to the accommodations, advantages, facilities, privileges, and services of all business establishments of any kind whatsoever. Defendants are systematically violating the UCRA, Civil Code § 51 *et seq*.

59. Defendants are violating the UCRA, Civil Code § 51 *et seq*., by denying disabled customers full and equal access to the goods and services offered at the Business and Property. The UCRA violations alleged herein are ongoing.

60. Civil Code § 51(f) provides that a violation of the right of any individual under the ADA also constitutes a violation of the UCRA.

**PRAYER**

**WHEREFORE, Plaintiff prays that this court provide relief as follows:**

1. For a Declaratory Judgment that at the commencement of this action Defendants owned, maintained, and/or operated the Business and/or the Property in a manner which discriminated against Plaintiff and other persons with disabilities and that Defendant took insufficient action to ensure that the Business and the Property were fully accessible to and independently usable by Plaintiff and other persons with disabilities in violation of law.

2. For permanent injunctive relief, pursuant to and appropriate to compel Defendants to remove all presently existing violations within 90 days of judgment or whatever other date certain determined by the Court to be fair and just.

3. To the extent that complete removal of all presently existing violations is not readily achievable, for permanent injunctive relief pursuant to and appropriate to

comply Defendants to make the Business and the Property accessible through alternative methods.

4. **Note**: Plaintiff is not invoking California Civil Code § 55 and is not seeking injunctive relief under the Disabled Persons Act at all.

5. For an award of actual damages and/or statutory damages of not less than $4,000 per occurrence pursuant to California Civil Code §§ 52 and 55.56.

6. For an award of $4,000.00 in statutory damages for each specific instance of deterrence at the Business and Property pursuant to California Civil Code §§ 52 and 55.56.

7. For reasonable attorney fees, litigation expenses, and costs of suit pursuant to Cal. Civ. Code § 52.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby respectfully requests a trial by jury on all appropriate issues raised in this Complaint.

Dated: April 24, 2025

**MANNING LAW, APC**

By: ______________________
Craig G. Cote, Esq.
Attorney for Plaintiff

## VERIFICATION

I am a party to this action, and I have read the foregoing First Amended Complaint titled *Marquez v. Carson Wild Wings, LLC, et al.* and I know its contents. The facts in the complaint are true based on my own knowledge, except as to those matters stated on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: 4/24/2025

By: Signed by: [signature] 9CE62D6CD04A4FE...
LUIS MARQUEZ